## E. S. HULL v. GEO. D. QUEST.

(December 13, 1879.)

MORTGAGE — INJUNCTION.— Where the statutory remedy by se-
questration can be used to protect personal property pending pro-
ceedings to foreclose a mortgage thereon, it is improper to apply
for an injunction to accomplish the purpose.

FORECLOSURE OF DEED OF TRUST.— An unrecorded deed of trust
*is not void as to creditors with notice. Such deed, on proof of*
its execution, is admissible in evidence in a suit against the
maker of the deed and a junior incumbrancer with notice.

JUSTICE'S COURT, JURISDICTION OF.— A judgment in a justice's
court against an intervenor resisting the claim of a plaintiff in
an attachment suit before such justice, and when the claim ex-
hibited by the intervenor is in excess of the jurisdiction of the
justice, does not conclude his rights in another suit and before a
court having jurisdiction over the subject-matter.

APPEAL from Panola county.   Opinion by WALKER, J.

OPINION.— The question litigated below and presented on
appeal is the priority of lien upon five thousand three hun-
dred pounds of seed cotton claimed by each party.

This suit was brought by Quest against Long, a justice
of the peace, E. S. Hull and Wilson Holland, to foreclose a
trust deed mortgage on Holland's cotton crop, executed by
him to secure an indebtedness to Quest for about $350, and
to enjoin Hull and Long from proceeding to sale upon a
judgment rendered before Long, November 7, 1878, in an
attachment suit by Hull and against Holland, in which
proceedings the cotton had been seized.

The petition sufficiently alleged the debt, mortgage, pro-
ceedings before the justice, notice to Hull before the seizure
by attachment, and that Holland had no other property
subject to execution; prayer was asked for judgment for
foreclosure, and that Hull and Long be enjoined, etc.

Holland confessed judgment. Hull carefully urged ob-
jections to the petition in a motion to dissolve the injunction
and in exceptions to the petition. He also answered that
Quest had intervened in the suit before the justice, Long;

was present by attorney and in person at the trial; had moved for a new trial; which being overruled, he had appealed to the county court, but had abandoned the appeal; also that Quest's mortgage, not having been recorded, was void as to the attachment lien.

On the trial notice of Quest's lien was proved on Hull before his levy of attachment. The deed of trust was in evidence; also the judgment before the justice, Long, as alleged in the petition. The judgment is quite formal, adjudicating to the plaintiff his debt and costs, and (the judgment proceeds), " as to the claim of the intervenor, Quest, it is the judgment of the court that the claim of the said Quest which is alleged to be a lien on the cotton attached in this case is void against the plaintiff, Hull; it is therefore considered that the intervenor take nothing by reason of his intervention," etc.

It is also shown that Quest filed a written motion for a new trial and had given notice of appeal. It also appeared that Holland had no other property liable to execution; that Holland had replevied the cotton, Quest being surety on the replevy bond, and that the cotton was in Quest's possession.

Judgment was rendered for Quest in the county court perpetuating the injunction and ordering the foreclosure by sale. From this judgment Hull appealed.

The many errors assigned raise, 1, the propriety of the remedy of injunction and the sufficiency of the petition for such relief; 2, the effect of the unrecorded deed of trust as against the attachment lien; and 3, the plea of former judgment.

1. The allegations in the petition were sufficiently formal; but the statutory remedy by sequestration was the more direct, and we think the proper, remedy. Being a junior incumbrancer, Hull was a necessary party to the suit for foreclosure to conclude his interest. The injunction proceedings, therefore, were unnecessary, and the costs arising from the injunction should be taxed against Quest.

2. The unrecorded deed of trust is not void as to creditors with notice. In this case Hull did not deny notice. The deed of trust upon proof of its execution was properly admitted in evidence, and had full force as a lien against Holland and Hull.

3. The judgment in the justice's court does not seem to have affirmatively adjudicated upon the liability of the cotton to the attachment proceedings. The justice, after rendering a general judgment for the plaintiff for the amount sued for and costs, adjudges that Quest's claim is void. Without determining that it would or would not be different in effect had the parties affirmatively condemned the cotton to sale under the attachment, we regard his attempt to disclose the invalidity of the deed of trust as beyond his jurisdiction and ineffectual when invoked to conclude Quest's right to foreclosure in a tribunal having jurisdiction.

The judgment should be reformed in accordance with these views.